UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT RAY TYSOR, :
:
    Petitioner :
    vs. : CIVIL NO. 1:CV-09-2052
:
WARDEN BLEDSOE, : (Judge Caldwell)
:
    Respondent. :

*M E M O R A N D U M*

I. *Introduction*

Robert Ray Tysor, an inmate at the United States Penitentiary in Lewisburg, Pennsylvania, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Tysor is serving a sentence imposed by the United States District Court for the District of Wyoming. He argues the sentence is illegal as it was improperly enhanced by a prior conviction for a walkaway escape from a halfway house. He contends that while an escape conviction was previously considered a crime of violence under the Armed Career Criminal Act, 18 U.S.C. § 924(e), it no longer qualifies as such under recent Supreme Court decisions in *Chambers v. United States*, __ U.S. __, 129 S.Ct. 687, 172 L. Ed. 2d 484 (2009), and *Begay v. United States*, __ U.S. __, 128 S.Ct. 1581, 1586, 170 L. Ed. 2d 490 (2008).

We will dismiss the petition without prejudice to Petitioner's filing a motion under 28 U.S.C. § 2255 in the sentencing court.

II.   *Background*

Petitioner pled guilty in the District of Wyoming to being a felon in possession of a firearm, a felon in possession of ammunition, and a fugitive from justice in possession of a firearm. *United States v. Tysor*, No. 2:99-CR-0075 (D. Wyo. Jan. 14, 2000). On April 20, 2000, he was sentenced to 240 months' imprisonment, subsequently lowered to 174 months for substantial assistance. Petitioner did not take a direct appeal nor did he file a 2255 motion.

III.   *Discussion*

"A motion to vacate sentence pursuant to 28 U.S.C. § 2255 is the means to collaterally challenge a federal conviction or sentence," *Massey v. United States*, 581 F.3d 172, 174 (3d Cir. 2009), and the motion must be presented to the court that imposed the sentence. *See* 28 U.S.C. § 2255(a)(providing that a defendant "may move the court which imposed the sentence"). In the instant case, Petitioner is challenging the sentence imposed, and he still has the remedy of a section 2255 motion available to him. We will therefore dismiss the instant petition without prejudice to the filing of a 2255 motion in the sentencing court.

In doing so, we express no opinion on the merits of Petitioner's claim or whether he will succeed in a 2255 motion.[1] We also express no opinion on the success

---

[1] We do note that when the same claim involving a walkaway escape was brought on a direct appeal, the Tenth Circuit remanded for the sentencing court to consider the claim in light of
(continued...)

-2-

of any subsequent 2241 petition he may file if he is unsuccessful on his 2255 motion. See, e.g., *In re Dorsainvil*, 119 F.3d 245 (3d Cir. 1997).

        We will issue an appropriate order.

        /s/William W. Caldwell
        William W. Caldwell
        United States District Judge

Date: November 10, 2009

---

[1](...continued)
*Chambers*. *See United States v. Charles*, 576 F.3d 1060, 1969 (10th Cir. 2009).

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT RAY TYSOR, :
:
        Petitioner :
  vs. : CIVIL NO. 1:CV-09-2052
:
WARDEN BLEDSOE, : (Judge Caldwell)
:
        Respondent. :
:

O R D E R

AND NOW, this 10th day of November, 2009, it is ordered that:

1. The Petition for Writ of Habeas Corpus (doc. 1) is dismissed without prejudice to filing a section 2255 motion in the sentencing court.

2. The Clerk of Court is directed to close this case.

                                        /s/William W. Caldwell
                                        William W. Caldwell
                                        United States District Judge